**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MAACO FRANCHISING, INC., <br><br> Plaintiff <br><br> v. <br><br> PIERRE PHILIPPE AUGUSTIN and, <br> VIRGINIE L. AUGUSTIN <br><br> and <br><br> PHIL'S AUTO BODY, INC. <br><br> Defendants | Civil No. 09-4548 <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF MAACO FRANCHISING, INC.'S ANSWER AND AFFIRMATIVE**
**DEFENSES TO COUNTERCLAIMS OF DEFENDANTS**
**PIERRE PHILIPPE AUGUSTIN AND VIRGINIE L. AUGUSTIN**

Plaintiff-Counterclaim Defendant Maaco Franchising, Inc. ("Maaco"), by way of answer and affirmative defenses to the Counterclaims (the "Counterclaim") brought by Defendants-Counterclaim Plaintiffs Pierre Philippe Augustin and Virginie L. Augustin (collectively hereinafter, the "Augustin Defendants" or "Augustins"), states as follows:

1.      Maaco denies the allegations contained in Paragraph 1 of the Counterclaim as conclusions of law to which no further response is required.  To the extent only that a further response is deemed required, Maaco denies the allegations of Paragraph 1 of the Counterclaim and incorporates by this reference its averments in the Complaint, as if fully stated herein.

2.      Maaco denies the allegations contained in Paragraph 2 of the Counterclaim to the extent that they attempt to characterize the Augustin Defendants' Counterclaim, which is a

document in writing and therefore speaks for itself. Maaco also denies the allegations contained in Paragraph 2 of the Counterclaim as conclusions of law to which no further response is required. To the extent only that a further response is deemed required, Maaco denies the allegations of Paragraph 2 of the Counterclaim, except as hereinafter expressly admitted. It is admitted that Maaco and the Augustin Defendants are citizens of different states.

3.      Maaco denies the allegations contained in Paragraph 3 of the Counterclaim as conclusions of law to which no further response is required. To the extent only that a further response is deemed required, Maaco denies the allegations of Paragraph 3 of the Counterclaim, except as hereinafter expressly admitted. It is admitted that part of the alleged events and omissions that are the subject of the Counterclaim arose in this judicial district, Maaco maintains a principal place of business in this judicial district, and Maaco chose to bring suit here.

4.      Maaco denies the allegations contained in Paragraph 4 of the Counterclaim to the extent that they attempt to characterize the contents of a written, integrated franchise contract, which is a document in writing and therefore speaks for itself. To the extent only that a further response is deemed required, Maaco denies the allegations of Paragraph 4 of the Counterclaim, except as hereinafter expressly admitted. It is admitted that on October 4, 2002, Maaco's predecessor in interest, Maaco Enterprises, Inc., and the Augustin Defendants entered into a Franchise Agreement (the "Franchise Agreement"), under which the Augustin Defendants were granted the right and undertook the obligation to operate a Maaco Auto Painting and Bodyworks Center at 804 Old Dixie Highway, Suite 4, Lake Park, Florida 33403 (the "Center"). It is further admitted that a copy of the Franchise Agreement is attached to the Complaint as Exhibit A.

5.      Maaco denies the allegations contained in Paragraph 5 of the Counterclaim to the extent that they attempt to characterize a written, integrated franchise contract, which is a

document in writing and therefore speaks for itself. Maaco also denies the allegations contained in Paragraph 5 of the Counterclaim as conclusions of law to which no further response is required.

6.      Maaco denies the allegations contained in Paragraph 6 of the Counterclaim to the extent that they attempt to characterize a written, integrated franchise contract, which is a document in writing and therefore speaks for itself. Maaco also denies the allegations contained in Paragraph 6 of the Counterclaim as conclusions of law to which no further response is required.

7.      Denied.   The Augustin Defendants had access to the contents of the Confidential Operating Manual through the internet and other electronic means and, upon information and belief, received a Confidential Operating Manual from either Maaco during initial training or the former franchised operator of the Center.

8.      Maaco denies the allegations contained in Paragraph 8 of the Counterclaim to the extent that they attempt to characterize a written, integrated franchise contract, which is a document in writing and therefore speaks for itself. Maaco also denies the allegations contained in Paragraph 8 of the Counterclaim as conclusions of law to which no further response is required.

9.      Maaco denies the allegations contained in Paragraph 9 of the Counterclaim as conclusions of law to which no further response is required. To the extent only that a further answer is deemed required, Maaco denies the allegations of Paragraph 9 of the Counterclaim, except as hereinafter expressly admitted. It is admitted that Philippe Augustin attended an initial training program. By way of further answer, Maaco expressly denies that the initial training program was incomplete and further denies that the Augustin Defendants paid higher royalties to Maaco than were due and owing under the Franchise Agreement.

10.      Maaco denies the allegations contained in Paragraph 10 of the Counterclaim to the extent that they attempt to characterize a written, integrated franchise contract, Maaco's

certification process, and other documents, which are documents in writing and therefore speak for themselves.  Maaco also denies the allegations contained in Paragraph 10 of the Counterclaim as conclusions of law to which no further response is required.  To the extent only that a further answer is deemed required, the allegations of Paragraph 10 of the Counterclaim are admitted in part and denied in part.  It is admitted only that the Augustin Defendants made several requests that Maaco certify their Center and, without such certification, the Augustin Defendants' Center was not authorized to perform some types of work for certain fleet accounts.  Each remaining allegation contained in Paragraph 10 of the Counterclaim not expressly admitted herein is denied.

        11.     Maaco is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Counterclaim and, accordingly, such allegations are denied.

        12.     Maaco denies the allegations contained in Paragraph 12 of the Counterclaim as conclusions of law to which no further response is required.  To the extent only that a further answer is deemed required, the allegations of Paragraph 12 of the Counterclaim are denied.

        13.     Maaco denies the allegations contained in Paragraph 13 of the Counterclaim to the extent that they attempt to characterize a written, integrated franchise contract, a lease, and an assignment of lease, which are documents in writing and therefore speak for themselves.  Maaco also denies the allegations contained in Paragraph 13 of the Counterclaim as conclusions of law to which no further response is required.  To the extent only that a further answer is deemed required, Maaco denies the allegations of Paragraph 13 of the Counterclaim.

        14.     The allegations of Paragraph 14 of the Counterclaim are admitted in part and denied in part.  It is admitted only that, in late 2008, the Augustin Defendants asked Maaco to assist them in attempting to negotiate a lower monthly rent payment with the Augustin Defendants'

landlord for the Center. Each remaining allegation contained in Paragraph 14 of the Counterclaim not expressly admitted herein is denied.

15. Denied.

16. Maaco denies the allegations contained in Paragraph 16 of the Counterclaim to the extent that they attempt to characterize a written letter, which is a document in writing and therefore speaks for itself. Maaco also denies the allegations contained in Paragraph 16 of the Counterclaim as conclusions of law to which no further response is required. To the extent only that a further answer is deemed required, the allegations of Paragraph 16 of the Counterclaim are admitted in part and denied in part. It is admitted only that a letter dated December 16, 2008 issued by Philippe Augustin was directed to and received by Maaco. It is further admitted that a copy of the letter is attached to the Counterclaim as Exhibit A. Each remaining allegation contained in Paragraph 16 of the Counterclaim not expressly admitted herein is denied.

17. Maaco denies the allegations contained in Paragraph 17 of the Counterclaim to the extent that they attempt to characterize a written letter, which is a document in writing and therefore speaks for itself. Maaco also denies the allegations contained in Paragraph 17 of the Counterclaim as conclusions of law to which no further response is required. To the extent only that a further answer is deemed required, the allegations of Paragraph 17 of the Counterclaim are admitted in part and denied in part. It is admitted only that, in the December 16, 2008 letter, Philippe Augustin expressed certain non-meritorious concerns regarding Maaco's calculation of the Known Royalty Fees portion of the Augustin Defendants' debt, which was then in the amount of $51,062.66. Each remaining allegation contained in Paragraph 17 of the Counterclaim not expressly admitted herein is denied.

18. Maaco denies the allegations contained in Paragraph 18 of the Counterclaim to the extent that they attempt to characterize a written, integrated franchise contract, audits of the Center, and Maaco's then current policies and procedures, which are documents in writing and therefore speak for themselves. To the extent only that a further answer is deemed required, the allegations of Paragraph 18 of the Counterclaim are admitted in part and denied in part. It is admitted only that Maaco's then current calculation of outstanding Known Royalty Fees included amounts determined to be due and owing for royalties on the gross receipts of the Center in accordance with the terms and conditions of the Franchise Agreement and Maaco's then current standards and procedures, which amounts included royalties due and owing for so-called "subcontracted" or "sublet" work. Each remaining allegation contained in Paragraph 18 of the Counterclaim not expressly admitted herein is denied.

19. Maaco denies the allegations contained in Paragraph 19 of the Counterclaim to the extent that they attempt to characterize written documents, which are the best evidence of their contents, and therefore speak for themselves. To the extent only that a further answer is deemed required, the allegations of Paragraph 19 of the Counterclaim are admitted in part and denied in part. It is admitted only that Philippe Augustin was informed and instructed that procedures and forms existed to void transactions and receive royalty credits and adjustments, subject to the terms and conditions of the Franchise Agreement and Maaco's then current policies and procedures, which voids, credits and adjustments were further subject to verification and approval by Maaco. It is further admitted that a Maaco accountant conducted an audit of the Augustin Defendants' franchise. Each remaining allegation contained in Paragraph 19 of the Counterclaim not expressly admitted herein is denied.

20.     The allegations of Paragraph 20 of the Counterclaim are admitted in part and denied in part.  It is admitted only that the Augustin Defendants were repeatedly told over the course of several years that if they provided back-up documentation or other proof that amounts determined to be due by Maaco during audits or otherwise were in fact not due and owing, Maaco would consider the Augustin Defendants' challenge of the amounts and audit results in accordance with the terms and conditions of the Franchise Agreement and Maaco's then current policies and procedures.  Each remaining allegation contained in Paragraph 20 of the Counterclaim not expressly admitted herein is denied.

21.     The allegations of Paragraph 21 of the Counterclaim are admitted in part and denied in part.  It is admitted only that Maaco did not accept the Augustin Defendants' statement alone that they did not owe the full amount of the Known Royalty Fees portion of their debt, but rather repeatedly invited the Augustin Defendants over the course of several years to provide back-up documentation or other proof to substantiate their assertion that the amounts determined to be due by Maaco were in fact not due, which the Augustin Defendants failed and refused to provide. Each remaining allegation contained in Paragraph 21 of the Counterclaim not expressly admitted herein is denied.

22.     Maaco denies the allegations contained in Paragraph 22 of the Counterclaim to the extent that they attempt to characterize the contents of a written, integrated franchise contract, which is a document in writing and therefore speaks for itself.  The allegations contained in Paragraph 22 of the Counterclaim are denied also as conclusions of law to which no further answer is required.  To the extent that a further answer is deemed required, the allegations of Paragraph 22 of the Counterclaim are admitted in part and denied in part.  It is admitted only that the Franchise Agreement provided and defined the terms, conditions and requirements for any proposed transfer

of the Augustin Defendants' interest in the Franchise Agreement or the Center to a third party. Each remaining allegation contained in Paragraph 22 of the Counterclaim not expressly admitted herein is denied.

23. Maaco is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 23 of the Counterclaim and, accordingly, such allegations are denied.

24. The allegations of Paragraph 24 of the Counterclaim are admitted in part and denied in part. It is admitted only that, at a certain point in time, the Augustin Defendants expressed interest in potentially selling their franchise, Maaco provided the Augustin Defendants with a listing agreement, which was never returned to Maaco by the Augustin Defendants, and Maaco nevertheless attempted, but was in no way obligated, to assist the Augustin Defendants in their effort to identify prospective purchasers. Each remaining allegation contained in Paragraph 24 of the Counterclaim not expressly admitted herein is denied.

25. The allegations of Paragraph 25 of the Counterclaim are admitted in part and denied in part. It is admitted only that Bill Bass ("Bass") contacted the Augustin Defendants about David Stefan ("Stefan"), a then prospective purchaser of a Maaco franchise. Each remaining allegation contained in Paragraph 25 of the Counterclaim not expressly admitted herein is denied.

26. Maaco denies the allegations contained in Paragraph 26 of the Counterclaim to the extent that they attempt to characterize the contents of written documents, which are the best evidence of their contents and therefore speak for themselves. To the extent that a further answer is deemed required, the allegations of Paragraph 26 of the Counterclaim are admitted in part and denied in part. It is admitted only that Philippe Augustin and certain Maaco employees, including Bill Bass, discussed the December 3, 2008 Notice of Default and March 4, 2009 Supplemental

Notice of Default. It is further admitted that Philippe Augustin was told by certain Maaco employees that the December 3, 2008 Notice of Default and March 4, 2009 Supplemental Notice of Default did not prevent the Augustin Defendants from selling their franchise to a third-party during the applicable cure period and prior to any termination, subject to the Augustin Defendants' ability to reach agreement with a prospective purchaser and all the other terms and conditions for transfer set forth in the Franchise Agreement. Each remaining allegation contained in Paragraph 26 of the Counterclaim not expressly admitted herein is denied.

27.   The allegations contained in Paragraph 27 of the Counterclaim are admitted in part and denied in part. It is admitted only that, in and around March and April 2009, the Augustin Defendants and Stefan had one or more discussions regarding the prospective purchase and sale of the Augustin Defendants' franchise agreement for the Center. Maaco is without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of the Counterclaim and, accordingly, such allegations are denied.

28.   Denied.

29.   Denied.

30.   The allegations contained in Paragraph 30 of the Counterclaim are denied as conclusions of law to which no further answer is required. To the extent that a further answer is deemed required, the allegations of Paragraph 30 of the Counterclaim are denied.

31.   Maaco denies the allegations contained in Paragraph 31 of the Counterclaim to the extent that they attempt to characterize the contents of a written document, which is the best evidence of its contents and therefore speaks for itself. To the extent only that a further response is deemed required, Maaco denies the allegations of Paragraph 31 of the Counterclaim, except as hereinafter expressly admitted. It is admitted that on April 9, 2009, Maaco terminated the

Augustin Defendants' Franchise Agreement. It is further admitted that a copy of the April 9, 2009 Notice of Termination is attached to the Complaint as Exhibit D. Each remaining allegation contained in Paragraph 31 of the Counterclaim not expressly admitted herein is denied.

32.     Maaco denies the allegations contained in Paragraph 32 of the Counterclaim to the extent that they attempt to characterize the contents of written documents, which are the best evidence of their contents and therefore speak for themselves. To the extent that a further answer is deemed required, the allegations of Paragraph 32 of the Counterclaim are admitted in part and denied in part. It is admitted only that, after termination of the Franchise Agreement, Maaco and Stefan entered into a franchise agreement dated May 8, 2009 and certain related collateral documents, under which Stefan was granted the right and undertook the obligation to operate a Maaco Auto Painting and Bodyworks Center at 804 Old Dixie Highway, Suite 4, Lake Park, Florida 33403. Each remaining allegation contained in Paragraph 32 of the Counterclaim not expressly admitted herein is denied.

33.     Maaco denies the allegations contained in Paragraph 33 of the Counterclaim to the extent that they attempt to characterize the contents of written documents, which are the best evidence of their contents and therefore speak for themselves. To the extent that a further answer is deemed required, the allegations of Paragraph 33 of the Counterclaim are admitted in part and denied in part. It is admitted that Maaco and Stefan entered into a franchise agreement dated May 8, 2009 and certain related collateral documents, under which Stefan was granted the right and undertook the obligation to operate a Maaco Auto Painting and Bodyworks Center at 804 Old Dixie Highway, Suite 4, Lake Park, Florida 33403. It is further admitted that Maaco was able to assist Stefan in attempting to negotiate and secure a lower monthly rent payment with the landlord

for the Center.   Each remaining allegation contained in Paragraph 33 of the Counterclaim not expressly admitted herein is denied.

34.   The allegations contained in Paragraph 34 of the Counterclaim are denied as conclusions of law to which no further answer is required.   To the extent that a further answer is deemed required, the allegations of Paragraph 34 of the Counterclaim are denied.

35.   Maaco denies the allegations contained in Paragraph 35 of the Counterclaim to the extent that they attempt to characterize the contents of a written, integrated franchise contract, lease, consent and agreement of lessor, collateral assignment of lease, and correspondence, which are documents in writing and therefore speak for themselves.   The allegations contained in Paragraph 35 of the Counterclaim are denied also as conclusions of law to which no further answer is required.   To the extent that a further answer is deemed required, the allegations of Paragraph 35 of the Counterclaim are admitted in part and denied in part.   It is admitted only that, after termination of the Franchise Agreement, Maaco exercised its rights under a consent and agreement of lessor and a collateral assignment of lease to take possession of the real property for the Center's premises for the purpose of assigning the lease for the real property to a new Maaco franchisee. Each remaining allegation contained in Paragraph 35 of the Counterclaim not expressly admitted herein is denied.

36.   Maaco denies the allegations contained in Paragraph 36 of the Counterclaim to the extent that they attempt to characterize the contents of a written, integrated franchise contract, which is a document in writing and therefore speaks for itself.   The allegations contained in Paragraph 36 of the Counterclaim are denied also as conclusions of law to which no further answer is required.   To the extent only that a further response is deemed required, it is admitted that a copy of the Franchise Agreement is attached to the Complaint as Exhibit A.

37.     Maaco denies the allegations contained in Paragraph 37 of the Counterclaim to the extent that they attempt to characterize the contents of a written, integrated franchise contract, which is a document in writing and therefore speaks for itself.  The allegations contained in Paragraph 37 of the Counterclaim are denied also as conclusions of law to which no further answer is required.  To the extent that a further answer is deemed required, the allegations of Paragraph 37 of the Counterclaim are denied.

38.     The allegations of Paragraph 38 of the Counterclaim are admitted in part and denied in part.  It is admitted only that, following the termination of the Franchise Agreement, Maaco did not purchase from the Augustin Defendants the assets of the Center owned by the Augustin Defendants, if any.   Each remaining allegation contained in Paragraph 38 of the Counterclaim not expressly admitted herein is denied.

## COUNT I
### Breach of Contract

39.     Maaco incorporates by this reference its answers to Paragraphs 1 through 38 of the Counterclaim, inclusive, as if fully set forth herein.

40. – 43.         Maaco denies the allegations contained in Paragraphs 40 through 43 of the Counterclaim to the extent that they attempt to characterize the contents of a written, integrated franchise contract, which is a document in writing and therefore speaks for itself.  The allegations contained in Paragraphs 40 through 43 of the Counterclaim are denied also as conclusions of law to which no further answer is required.  To the extent that a further answer is deemed required, Maaco denies the allegations of Paragraphs 40 through 43 of the Counterclaim.

44.     Maaco denies the allegations contained in Paragraph 44 of the Counterclaim to the extent that they attempt to characterize the contents of a written, integrated franchise contract,

Case 2:09-cv-04548-LP   Document 20   Filed 12/02/09   Page 13 of 20

which is a document in writing and therefore speaks for itself. The allegations contained in Paragraph 44 of the Counterclaim are denied also as conclusions of law to which no further answer is required. To the extent that a further answer is deemed required, the allegations of Paragraph 44 of the Counterclaim are admitted in part and denied in part. It is admitted only that, following the termination of the Franchise Agreement, Maaco did not purchase from the Augustin Defendants the assets of the Center owned by the Augustin Defendants, if any. Each remaining allegation contained in Paragraph 44 of the Counterclaim not expressly admitted herein is denied.

45. – 46.     Maaco denies the allegations contained in Paragraphs 45 and 46 of the Counterclaim to the extent that they attempt to characterize the contents of a written, integrated franchise contract, which is a document in writing and therefore speaks for itself. The allegations contained in Paragraphs 45 and 46 of the Counterclaim are denied also as conclusions of law to which no further answer is required. To the extent that a further answer is deemed required, Maaco denies the allegations of Paragraphs 45 and 46 of the Counterclaim. Maaco denies that the Augustin Defendants have suffered any damage, are relieved of any obligation and are entitled to any relief.

**WHEREFORE**, Plaintiff-Counterclaim Defendant Maaco Franchising, Inc. demands that judgment be entered in its favor and against Defendants-Counterclaim Plaintiffs Pierre Philippe Augustin and Virginie L. Augustin on Count I of the Counterclaim, the costs of this suit and the attorney's fees and expenses in the defense of this action be assessed against Defendants-Counterclaim Plaintiffs Pierre Philippe Augustin and Virginie L. Augustin and awarded to Plaintiff-Counterclaim Defendant Maaco Franchising, Inc., and such further and other legal and equitable relief be granted as the Court deems just and appropriate.

## COUNT II
### Breach of Covenant of Good Faith and Fair Dealing

47.    Maaco incorporates by this reference its answers to Paragraphs 1 through 46 of the Counterclaim, inclusive, as if fully set forth herein.

48.    The allegations contained in Paragraph 48 of the Counterclaim are denied as conclusions of law to which no further answer is required. To the extent that a further answer is deemed required, Maaco denies the allegations of Paragraphs 48 of the Counterclaim.

49. – 52.    Maaco denies the allegations contained in Paragraphs 49 through 52 of the Counterclaim to the extent that they attempt to characterize the contents of written documents, which are the best evidence of their contents and therefore speak for themselves. The allegations contained in Paragraphs 49 through 52 of the Counterclaim are denied also as conclusions of law to which no further answer is required. To the extent that a further answer is deemed required, Maaco denies the allegations of Paragraphs 49 through 52 of the Counterclaim.

53. – 54.    Maaco denies the allegations contained in Paragraphs 53 and 54 of the Counterclaim to the extent that they attempt to characterize the contents of written documents, which are the best evidence of their contents and therefore speak for themselves. The allegations contained in Paragraphs 53 and 54 of the Counterclaim are denied also as conclusions of law to which no further answer is required. To the extent that a further answer is deemed required, Maaco denies the allegations of Paragraphs 53 and 54 of the Counterclaim. Maaco denies that the Augustin Defendants have suffered any damage, are relieved of any obligation and are entitled to any relief.

**WHEREFORE**, Plaintiff-Counterclaim Defendant Maaco Franchising, Inc. demands that judgment be entered in its favor and against Defendants-Counterclaim Plaintiffs Pierre Philippe Augustin and Virginie L. Augustin on Count II of the Counterclaim, the costs of

this suit and the attorney's fees and expenses in the defense of this action be assessed against Defendants-Counterclaim Plaintiffs Pierre Philippe Augustin and Virginie L. Augustin and awarded to Plaintiff-Counterclaim Defendant Maaco Franchising, Inc., and such further and other legal and equitable relief be granted as the Court deems just and appropriate.

## COUNT III
### Tortious Interference with a Prospective Contractual Relationship

55.     Maaco incorporates by this reference its answers to Paragraphs 1 through 54 of the Counterclaim, inclusive, as if fully set forth herein.

56.     The allegations contained in Paragraph 56 of the Counterclaim are denied as conclusions of law to which no further answer is required.  To the extent that a further answer is deemed required, Maaco denies the allegations of Paragraphs 56 of the Counterclaim.

57. – 59.     Maaco denies the allegations contained in Paragraphs 57 through 59 of the Counterclaim to the extent that they attempt to characterize the contents of written documents, which are the best evidence of their contents and therefore speak for themselves.  The allegations contained in Paragraphs 57 through 59 of the Counterclaim are denied also as conclusions of law to which no further answer is required.  To the extent that a further answer is deemed required, Maaco denies the allegations of Paragraphs 57 through 59 of the Counterclaim.

60. – 61.     Maaco denies the allegations contained in Paragraphs 60 and 61 of the Counterclaim to the extent that they attempt to characterize the contents of written documents, which are the best evidence of their contents and therefore speak for themselves.  The allegations contained in Paragraphs 60 and 61 of the Counterclaim are denied also as conclusions of law to which no further answer is required.  To the extent that a further answer is deemed required, Maaco denies the allegations of Paragraphs 60 and 61 of the Counterclaim.  Maaco denies that the

15

Augustin Defendants have suffered any damage, are relieved of any obligation and are entitled to any relief.

**WHEREFORE**, Plaintiff-Counterclaim Defendant Maaco Franchising, Inc. demands that judgment be entered in its favor and against Defendants-Counterclaim Plaintiffs Pierre Philippe Augustin and Virginie L. Augustin on Count III of the Counterclaim, the costs of this suit and the attorney's fees and expenses in the defense of this action be assessed against Defendants-Counterclaim Plaintiffs Pierre Philippe Augustin and Virginie L. Augustin and awarded to Plaintiff-Counterclaim Defendant Maaco Franchising, Inc., and such further and other legal and equitable relief be granted as the Court deems just and appropriate.

Further answering, Plaintiff-Counterclaim Defendant Maaco Franchising, Inc. affirmatively states as follows:

## AFFIRMATIVE DEFENSES

Defendant Plaintiff-Counterclaim Defendant Maaco Franchising, Inc. reserves the right to assert any and all applicable defenses to the counterclaims of Defendants-Counterclaim Plaintiffs Pierre Philippe Augustin and Virginie L. Augustin.  Maaco has not yet obtained adequate discovery from Defendants or from third parties in connection with this action, and Maaco reserves the right to amend or otherwise supplement this pleading.  Without limiting the generality of the foregoing, and without regard to whether defenses set forth below are affirmative defenses within the meaning of Fed. R. Civ. P. 8(c), and without conceding that any such defenses must be set forth in its answer, Maaco states as follows:

a.     The Augustin Defendants have failed to state a claim upon which relief can be granted;

      b.      The Augustin Defendants' claims are barred in whole or in part by the applicable Statute of Limitations;

      c.      The Augustin Defendants' claims are barred in whole or in part by the applicable Statute of Frauds;

      d.      The Augustin Defendants' claims are barred and/or unripe under the franchise contract at issue;

      e.      The Augustin Defendants first breached the franchise contract at issue;

      f.      The Augustin Defendants' claims are barred in whole or in part by the Economic Loss Rule;

      g.      The Augustin Defendants' claims are barred in whole or in part by the Election of Remedies Doctrine;

      h.      The Augustin Defendants had no contractual right or reasonable expectation that the franchise contract at issue would not be terminated under the facts and circumstances presented;

      i.      The Augustin Defendants had no contractual right or reasonable expectation that the franchise contract at issue would be sold or transferable under the facts and circumstances presented;

      j.      The Augustin Defendants' claims are barred in whole or in part because Maaco's conduct was privileged and/or justified under the facts and circumstances presented;

      k.      Maaco did not breach the franchise contract at issue or any purported implied covenant of good faith and fair dealing by exercising and/or enforcing its pre-existing

express contractual rights and Maaco's exercise and/or enforcement of its pre-existing express contractual rights is otherwise not actionable or wrongful conduct;

l.      The Augustin Defendants' claims are barred in whole or in part because they have not suffered any damages as a result of the complained of conduct and/or the types of damages of which they now complain and seek redress;

m.      The Augustin Defendants' claims are barred in whole or in part because they have failed to mitigate the damages they allege to have suffered as a result of the complained of conduct;

n.      The Augustin Defendants' claims are barred in whole or in part by their own negligence and/or wrongful conduct;

o.      The Augustin Defendants' unclean hands with respect to the transactions in question and matters at issue prevent the Augustin Defendants from obtaining the requested relief;

p.      By their own conduct, the Augustin Defendants are estopped and/or barred from making their claims;

q.      The Augustin Defendants waived their claims in whole or in part and consented to the complained of conduct;

r.      The Augustin Defendants voluntarily assumed the risk of loss of which they now complain;

s.      The Augustin Defendants' have no claim for damages, actual or otherwise, because Maaco's conduct was proper and commercially reasonable under all the circumstances, and any claim for or award of exemplary damages, if any, is otherwise not available under the facts and governing law in this case; and

t.     The Augustin Defendants' claims are barred or limited, in whole or in part, because any damages awarded must be setoff from the amounts owed by the Augustin Defendants to Maaco.

**WHEREFORE**, Plaintiff-Counterclaim Defendant Maaco Franchising, Inc. demands that judgment be entered in its favor and against Defendants-Counterclaim Plaintiffs Pierre Philippe Augustin and Virginie L. Augustin on Counts I, II and III of the Counterclaim, the costs of this suit and the attorney's fees and expenses in the defense of this action be assessed against Defendants-Counterclaim Plaintiffs Pierre Philippe Augustin and Virginie L. Augustin and awarded to Plaintiff-Counterclaim Defendant Maaco Franchising, Inc., and such further and other legal and equitable relief be granted as the Court deems just and appropriate.

**WIGGIN and DANA LLP**

December 2, 2009                    By:___*/s/ Constantine T. Fournaris*_____
                                          Constantine T. Fournaris (I.D. No. 63902)
                                          Two Liberty Place
                                          50 South 16th Street, Suite 2925
                                          Philadelphia, PA  19102
                                          Phone:  215.988.8311
                                          Fax:  215.988.8344
                                          cfounraris@wiggin.com

                                          *Attorney(s) for Plaintiff*
                                          *Maaco Franchising, Inc.*

## CERTIFICATE OF SERVICE

I, Constantine T. Fournaris, certify that I have this day filed electronically and made

available for viewing and downloading from the ECF System, and have served via the Court's

electronic filing service, a true and correct copy of the below described document upon

Defendants' counsel of record at the address listed below:

Pleading or Motion served:         Plaintiff Maaco Franchising, Inc.'s
                                   Answer and Affirmative Defenses to
                                   Counterclaims
                                   Of Defendants Pierre Philippe
                                   Augustin and Virginie L. Augustin


Opposing Counsel:                  Jeffrey D. Bukowski, Esquire
                                   Stevens & Lee, P.C.
                                   111 North Sixth Street
                                   P.O. Box 679
                                   Reading, PA 19603-0679
                                   Phone: 610.478.2215
                                   Fax: 610.988.0805
                                   jdb@stevenslee.com


Mode of Service:                   Via ECF System


Date:                              December 2, 2009


                                   _/s/ Constantine T. Fournaris_____
                                   Constantine T. Fournaris