IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAACO FRANCHISING, INC.<br>381 Brooks Road<br>King of Prussia, PA 19406 | : <br> : <br> : | CIVIL ACTION NO.:<br><br>2:09-CV-4548 |
| Plaintiff | : | |
| v. | : | |
| PIERRE PHILIPPE AUGUSTIN and<br>VIRGINIE L. AUGUSTIN<br>2293 Seaford Drive<br>Wellington, FL 33414 | : | |
| and | : | |
| PHIL'S AUTO BODY, INC.<br>804 Old Dixie Highway, Suite 4<br>Lake Park, FL 33403 | : | |
| and | : | |
| PALM BEACH AUTO PAINTING AND<br>COLLISION, INC. and<br>SHEIK A. HYATT<br>1009 Newman Road, Suite 2<br>Lake Park, FL 33403 | : | |
| Defendants. | : | |

### PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE AND FOR SANCTIONS, INCLUDING THE STRIKING OR DISMISSAL OF DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 37, as well as the district court's inherent authority to manage cases, plaintiff Maaco Franchising, Inc. ("Maaco") respectfully moves in limine to preclude defendants Philippe Augustin, Virginie Augustin and Phil's Auto Body, Inc. (the "Augustin Defendants") from producing or presenting certain evidence, defenses or testimony at the preliminary injunction hearing scheduled for Thursday, March 11, 2010 and for

sanctions including but not limited to striking or dismissing the Augustin Defendants' Answer and Affirmative Defenses and striking or dismissing the Augustin Defendants' Counterclaims with prejudice.

In support of this Motion, Maaco submits a memorandum of law and the attached declarations of Sheik A. Hyatt, Shereena Hyatt, Inderia Bellino and Constantine T. Fournaris, Esq.

As the memorandum of law and declarations make clear, an order precluding evidence and sanctioning the Augustin Defendants is warranted because of their: (1) bad faith failure to make discovery and produce relevant documents despite their obligations under the Federal Rules of Civil Procedure, numerous written and oral demands, and several court directives and orders to do so; (2) intentional destruction of relevant documents with the express purpose of concealing the documents and their contents from Maaco and this Court, and (3) blatantly false and misleading verified statements included in their original answer and brief in opposition to Maaco's motion for preliminary injunction. The Augustin Defendants' conduct is so egregious that it shocks the conscience, threatens the integrity of this Court and the judicial process, and should not be countenanced by the Court for fear of repetition. An order precluding evidence and imposing severe sanctions, including dismissal of the Augustin Defendants' Answer and Affirmative Defenses and Counterclaims with prejudice, is appropriate to punish the Augustin Defendants for their misconduct and deter future similar conduct.

Accordingly, Maaco respectfully requests the Court grant this Motion and order the following relief:

(a)  the Augustin Defendants are precluded from offering any documents into evidence at the preliminary injunction hearing that were subject to discovery requests and prior

Court orders and were not produced on or before March 1, 2010;

(b) the Augustin Defendants are precluded from offering any evidence or testimony at the preliminary injunction hearing in support of their verified Joint Answer, Affirmative Defenses and Counterclaims, as a sanction for their failure to produce and Philippe Augustin's destruction of documents relevant to the verified Joint Answer, Affirmative Defenses and Counterclaims, including without limitation:

(1) any evidence or testimony at hearing that they or any of them are not in violation of the post-termination covenants in the Franchise Agreement, or engaged in a competing business, activities or operation;

(2) any evidence or testimony at hearing of any alleged prior breaches by Maaco, challenging the amounts claimed to be due and owing by Maaco for any reason whatsoever, or challenging the underlying basis and validity of Maaco's termination of the Franchise Agreement; and

(3) any evidence or testimony at hearing or making any legal argument or asserting any defense based on unclean hands, good faith, waiver, estoppel, laches or the lapse of time, and otherwise strictly construing any delay or lapse of time caused by the Augustin Defendants' use of straw persons, failures to produce, acts of spoliation, and making of false and misleading verified statements to the Court (including those set forth in Defendants' original verified Joint Answer, Affirmative Defenses and Counterclaims to the Complaint and Brief in Opposition) against the Augustin Defendants and in favor of Maaco;

(c) the Augustin Defendants are precluded from offering at hearing or trial the oral or written testimony of Philippe Augustin;

(d) the Augustin Defendants' Counterclaims are dismissed in their entirety with

prejudice as a sanction for the intentional destruction of evidence relevant to those claims and the damages claimed therein or, in the alternative, the Augustin Defendants are precluded from offering or presenting any evidence or testimony regarding any alleged damages claimed to be caused by Maaco or suffered by the Augustin Defendants in connection with such Counterclaims;

(e) the Court shall apply an adverse inference as a result of the Augustin Defendants' intentional spoliation of relevant evidence, and presume that the destroyed documents would have supported Maaco's case;

(f) the Court shall not consider the Augustin Defendants' Brief in Opposition to Maaco's Motion for Preliminary Injunction [Doc. No. 18], because the brief includes numerous verified statements that are deemed to be false and misleading based on the Augustin Defendants' recent admissions, and the brief otherwise constitutes an attempt by the Augustin Defendants to perpetrate a fraud upon this Court;

(g) the Augustin Defendants shall reimburse Maaco for its costs and attorneys' fees in discovering the spoliation and filing this Motion, with the exact amount of such costs and attorneys fees to be established in a declaration from Maaco's counsel; and

(h)  such other and further relief as the Court deems just and appropriate under the circumstances.

**WIGGIN AND DANA LLP**

Date: March 9, 2010  By:  */s/ Constantine T. Fournaris*
Constantine T. Fournaris
Wiggin and Dana LLP
Two Liberty Place
50 South 16th Street, Suite 2925
Philadelphia, PA  19102
Telephone 215.988.8310
Facsimile 215.988.8344
cfournaris@wiggin.com

Erika L. Amarante (pro hac vice)
Wiggin and Dana LLP
One Century Tower
265 Church Street
New Haven, CT 06508-1832
Phone: (203) 498-4400
Fax: (203) 782-2889
E-mail: eamarante@wiggin.com

*Attorneys for Plaintiff*
*MAACO Franchising, Inc.*

## CERTIFICATE OF SERVICE

I, Constantine T. Fournaris, certify that I have this day filed electronically and made available for viewing and downloading from the ECF System, a true and correct copy of the below described document upon Defendants' counsel of record at the address listed below:

| | |
|---|---|
| Pleading or Motion served: | Plaintiff Maaco Franchising, Inc.'s Motion in Limine to Preclude Evidence and for Sanctions, Including the Striking or Dismissal of Defendants' Answer, Affirmative Defenses and Counterclaims |
| Opposing Counsel: | Jeffrey D. Bukowski, Esquire<br>Stevens & Lee, P.C.<br>111 North Sixth Street<br>P.O. Box 679<br>Reading, PA 19603-0679<br>Phone: 610.478.2215<br>Fax: 610.988.0805<br>jdb@stevenslee.com |
| Mode of Service: | Via ECF System |

and caused the document described above to be served by the following non-registered ECF parties by first-class mail:

PALM BEACH AUTO PAINTING AND
COLLISION, INC.
1009 Newman Road, Suite 2
Lake Park, FL 33403

SHEIK A. HYATT
15125 SE 93rd Court
Summerfield, FL 34491

Dated: March 9, 2010  /s/ Constantine T. Fournaris
Constantine T. Fournaris

15214\91\2340987.1