IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAACO FRANCHISING, INC.,<br>            Plaintiff,<br><br>    v.<br><br>PIERRE PHILIPPE AUGUSTIN, et al.,<br>            Defendants. | Civil Action No. 09-4548 |

MEMORANDUM

August 5, 2010                                                                                       Pollak, J.

Maaco requests that the entire transcript of the hearing on their preliminary injunction motion, held on March 17 and 18, 2010 be withheld from the public or, in the alternative, that nearly the entire transcript be redacted because it contains confidential and proprietary information (docket no. 72). Defendants have not responded.

I.     Facts

The underlying dispute involves claims that defendants**,** Pierre Philippe Augustin, his wife Virginie Augustin, and their company Phil's Auto Body, Inc, have breached their franchise agreement with Maaco and improperly disclosed Maaco's trade secrets. As the underlying facts are familiar to the parties, I only briefly set out the relevant facts and

1

procedural history.

Maaco Franchising, Inc. (Maaco) brought suit for claims arising under the Lanham Act, 15 U.S.C § 1051, *et seq.*,[1] and state law against Pierre Philippe Augustin and his wife Virginie Augustin, and against their company Phil's Auto Body, Inc. (in the aggregate, the Augustin Defendants), for breach of a franchise agreement between the parties. Maaco moved for a preliminary injunction to enforce the franchise agreement's covenant not to compete and to enjoin alleged misappropriation of its purported trade secrets (docket no. 4). A two-day hearing was held to take testimony.

At the hearing, Tom Monaghan, Maaco's Vice President of Operations, testified in broad terms regarding the "Maaco System" and how Maaco set up franchises and attracted customers. However, his testimony did not contain any specific information that was not already available to the public. Because of the lack of evidence that the elements of the Maaco system described were, in fact, secret, I only granted a preliminary injunction based on the covenant not to compete and did not find that there was use of any trade secrets to be enjoined (docket nos. 58 & 59).

## II.    Anaylsis

I must reject Maaco's motion, as it has failed to meet the burden required to withhold transcripts of court proceedings from the public. A presumption exists in favor

---

[1] The preliminary injunction motion raised issues only under state law regarding a covenant not to compete and under the Pennsylvania Uniform Trade Secrets Act, 12 Pa. C.S.A. § 5301 *et seq*.

of "open process, accessible to the public." and "disallows the routine and perfunctory closing of judicial records." *In re Cendant Corp.*, 260 F.3d 183, 193-94 (3d Cir. 2001) (citations omitted). "In order to override the common law right of access, the party seeking the closure of a hearing or the sealing of part of the judicial record 'bears the burden of showing that the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Id.* at 194 (quoting *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir.1994)). "In delineating the injury to be prevented, specificity is essential . . . . Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *In re Cendant Corp.*, 260 F.3d at 194 (citations omitted). The burden to show the need for secrecy rests with the party seeking redaction. *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.,* 998 F.2d 157, 166 (3d Cir. 1993). I must balance "factors favoring secrecy against the common law presumption of access." *Bank of America Nat. Trust and Sav. Ass'n v. Hotel Rittenhouse Associates*, 800 F.2d 339, 344 (3d Cir. 1986).

Confidential business information may be protected from disclosure, if disclosure might harm a litigant's competitive standing. *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.,* 998 F.2d at 166 (citing Fed. R. Civ. P. 27(c)(7) now codified as Fed. R. Civ. P. 27(c)(G)). The advisory committee's notes to the amendment incorporating trade secrets as protectable information notes that "[t]he courts have not given trade secrets automatic and complete immunity against disclosure, but have in each case

3

weighed their claim to privacy against the need for disclosure. Frequently they have been afforded a limited protection." Fed. R. Civ. P. 26 advisory committee note to the 1970 amendments (citations omitted).

Maaco has not carried its burden to show a need for secrecy beyond "broad allegations of harm" that are insufficient to overcome the presumption in favor of open access. In my memorandum of April, 20, 2010, denying Maaco's motion for a preliminary injunction, I characterized the testimony and documents now sought to be prevented from disclosure in the following way:

> Tom Monaghan, Maaco's Vice President of Operations, testified that Maaco believed its process of starting and running a franchise to be a trade secret. However, Monaghan and Maaco have not identified any aspect of the Maaco System that meets the requirement of substantial secrecy, since information was available to customers of Maaco and the public at large about the aspects of the Maaco System that Maaco claims to be proprietary.

Docket No. 59. Maaco's motion for redaction repeatedly asserts that the information presented during the preliminary hearing would harm them but it adds no further argument as to why the testimony and exhibits presented are "confidential and proprietary" nor does it explain specifically the harm to be suffered.

As I stated in my prior memorandum, Maaco customers and the public at large were already aware of the aspects of the Maaco system claimed to be proprietary. Furthermore, Maaco's alternative request of redactions of certain sections of the transcripts includes almost the entire transcript, absent a few pages. In doing so it fails to specify at all how it came to select such sections or why it needs such sections redacted.

4

Because Maaco has presented no "specific examples" or "articulated reasoning," I must deny its motion for redaction of the transcripts from the March 17 and March 18 preliminary injunction hearing. As even redaction of the specified portions would be improper, the request to withhold the entire transcript is also denied.

**III. Conclusion**

For the forgoing reasons Maaco's request for the redaction of transcript, in whole or in part (docket no. 72), is denied. An appropriate order accompanies this memorandum.