IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAACO FRANCHISING, INC., <br> Plaintiff, <br><br> v. <br><br> PIERRE PHILIPPE AUGUSTIN, et al., <br> Defendants. | Civil Action No. 09-4548 |

MEMORANDUM

August 12, 2010                                                                                                   Pollak, J.

Plaintiff, Maaco Franchising, Inc., requests preclusion of evidence and sanctions (docket no. 44) against defendants Philippe Augustin, Virginie Augustin, and Phil's Auto Body, Inc., (the Augustin defendants) for alleged misconduct during the present litigation. Maaco requests exclusion of certain evidence at trial, the striking of the Augustin defendants' answer, affirmative defenses, and counterclaim, and costs and attorney's fees.

I.      Facts and Procedural History

Plaintiff, Maaco Franchising, licenses and trains franchisees to use the Maaco name and methods for auto body repair and painting. In October of 2002, defendants Pierre and Virginie Augustin entered into a franchise agreement with Maaco's predecessor in interest, Maaco Enterprises, Inc., to last fifteen years. As part of the

1

franchise agreement, the Augustins agreed not to disclose Maaco's trade secrets. Franchise Agreement ¶¶ 10, 17.C. In addition, the franchise agreement contained a covenant not to compete. Franchise Agreement, at ¶ 17.B(1)-(2), 17.C.

Maaco alleges that the Augustin defendants failed to make payments to Maaco under the franchise agreement, report their weekly gross receipts, or make their advertising contributions, which resulted in Maaco terminating the franchise agreement after notice and an opportunity to cure.

Pierre Augustin, after vacating the premises of the Augustins' former Maaco franchise, allegedly started a competing auto body shop one half-mile from their former Maaco franchise. Maaco alleges this operation entails use of the "Maaco System" (its purported trade secrets) and has been advertised as "Palm Beach Auto formerly Maaco Auto Pain[t]ing." Am. Compl. ¶¶ 45, 49.

On October 2, 2009, Maaco filed the present suit against the defendants for violation of the franchise agreement and for preliminary and permanent injunctions to enforce the non-compete clause and to protect Maaco's trade secrets. Maaco has also sued for trademark infringement and unfair competition, breach of the covenant of confidentiality, breach of the covenant of good faith and fair dealing, conspiracy, tortious interference, and unjust enrichment. Am. Compl. ¶ 50-51. I granted Maaco's request for a preliminary injunction in part and required that Philippe Augustin not compete with his former Maaco franchise for the remainder of the term of the covenant not to compete

(docket nos. 58 & 59). That period has since expired.

Maaco alleges that during the litigation the Augustin defendants have engaged in conduct deserving of sanctions. Maaco alleges there are three categories of misconduct: (1) the alleged destruction of documents during the early stages of litigation, (2) the alleged failure to produce requested documents in a timely manner or at all, and (3) the making of allegedly false and misleading statements in pleadings verified by Philippe Augustin.

Maaco has provided several declarations of those who allegedly witnessed litigation misconduct. Indira Bellino states that she assisted Philippe Augustin in his attempts to hide documents and manuals at her house to prevent Maaco from gaining access to them. Bellino Decl. ¶ 8-9. She states that in late October or early November she assisted Philippe Augustin in shredding boxes of documents from the Augustins' old Maaco franchise. *Id.* at ¶ 14. Shereena Hyatt, who occasionally helped out at the Augustins' shop, states that she also shredded documents for Philippe Augustin, including invoices from the Augustins' former Maaco center, letters, and bank statements. Shereena Hyatt Decl. ¶ 6. Philippe Augustin, at the preliminary injunction hearing, admitted he directed the shredding of documents. Tr. of Hr'g of March 18, 2010, at 101.

Sheik Hyatt, a former employee of the Augustins, states that, based on his knowledge, statements in the Augustins' joint answer and brief in opposition to the preliminary injunction were false and that Philippe Augustin knew them to be false.

3

Sheik Hyatt Decl. ¶ 19. Sheik Hyatt declares that the false statements included statements that (1) Philippe Augustin did not manage, own, or have day-to-day involvement in the Palm Beach Auto shop and (2) that Palm Beach Auto did not advertise itself as a current or former Maaco franchise. *Id*.

Maaco's counsel, Constantine Fournaris, provided a declaration that states that, despite several demands for documents, the Augustin defendants have failed to provide Maaco with requested discovery in whole or in a timely fashion. Fournaris Decl. ¶ 9-33.

## II. Discussion

### A. Dismissal

Maaco seeks the rather severe sanction of dismissing the Augustin Defendant's counterclaim, and any affirmative defenses. The Third Circuit in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 864 (3d Cir. 1984), listed six factors that a district court must consider before imposing dismissal as sanction:

> (1) the extent of the party 's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id*. at 868. In balancing the *Poulis* factors, there is not a "magic formula" or "mechanical calculation" to apply them. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008)(citations omitted).

The first factor–the extent of a party's personal responsibility–favors the

4

imposition of some form of sanctions. Augustin has failed to provide the full extent of the documents requested–possibly due to the destruction of such documents–and may have been less than truthful in his pleadings.

The prejudice factor does not, as of now, appear to weigh in favor of the severe sanctions asked for by Maaco. Maaco successfully pursued their motion for a preliminary injunction (with the exception of enjoining the use of purported trade secrets as Maaco failed to prove such information was substantially secret).[1] Maaco's submissions have failed to elaborate on how the delay has prejudiced them so far. I do not find that Maaco has presented a sufficient argument as to prejudice to justify the extreme sanctions it requests. As the extent of the destruction of documents needed to present its case becomes clear, Maaco can, at trial, seek adverse inference instructions.

In addition, I do not find that the next two factors–a history of dilatoriness and whether the conduct of the party was willful or in bad faith–weigh strongly in favor of sanctions. During the litigation the Augustin defendants experienced difficulties with their former counsel, Stevens & Lee, and have faced further difficulties in securing new counsel. Given the difficulties with their representation and the fact that discovery was expedited, at least some of the delay may not have been willful nor dilatory. However, the destruction of documents does evidence bad faith and weighs in favor of sanctions.

---

[1] I did not grant the injunction with respect to enjoining trade secrets, as Maaco failed to show that the purported trade secrets were confidential, a fact provable, or not provable, by evidence solely in Maaco's control.

There are alternatives to the severe sanctions that Maaco requests. Maaco can present evidence of the missing documents and an adverse inference can be presented at trial. Evidence "tending to show that a party destroyed evidence relevant to the dispute being litigated" may be admitted at trial. *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 78 (3d Cir. 1994)(citations omitted). Maaco may attempt to submit evidence tending to prove the destruction of documents at trial, and, if such evidence justifies it, the jury may receive a "'spoliation inference,' that the destroyed evidence would have been unfavorable to the position of the offending party."[2] *Id.* This spoliation inference has both "prophylactic and punitive effects." *Id.* (internal quotations omitted).

Furthermore, awarding costs or attorney's fees will only serve to make finding counsel more difficult for the Augustin defendants, leading to further delay and complications in proceeding with the litigation, an outcome that Maaco has expressed its wish to avoid.

The last factor–the merits or lack thereof of the claim or defense–also does not weigh in favor of sanctions. "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 869-70.

Maaco claims without any specificity that the Augustin defendants will be unable

---

[2] Maaco has not demanded a jury trial in either the complaint or amended complaint (docket nos. 1 & 30). However, in their answers and counterclaims the Augustin defendants have demanded a jury trial (docket nos. 20 & 37).

to prove their counterclaim. However, courts have been wary about "vague and nonspecific statements" as to the validity of the claims at issue. *Poulis*, 747 F.2d at 870. As Maaco has not provided any argument as to the weakness of the Augustin defendants' claims and defenses, I find this factor weighs against imposing sanctions. Given that at least four of the *Poulis* factors do not weigh in favor of sanctions, I will deny Maaco's request for dismissal of the counterclaims, answer, and affirmative defenses.

### B. Spoliation

In addition to the sanction of dismissal, Maaco seeks less severe sanctions for each specific type of misconduct. The Third Circuit has point towards three key considerations when determining whether spoliation should result in the exclusion of evidence: "(1) the degree of fault of the party who altered or destroyed the evidence, (2) the degree of prejudice suffered by the opposing party, and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party, and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future." *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994).

Based on the *Schmid* factors, I conclude that sanctions are not required at this time and that the severe sanctions requested by Maaco are inappropriate. Philippe Augustin admitted at the preliminary injunction hearing that he destroyed documents. Therefore, the first factor–degree of fault–weighs in favor of sanctions.

However, the second factor, the degree of prejudice suffered, is not shown in

Maaco's submissions, as discussed. As the case develops, it may be better to judge what sanction may be appropriate. Thus, Maaco has failed to show prejudice at this point.

Lastly, there is a lesser sanction that will serve to deter such conduct in the future. Maaco can request a "spoliation inference." As I need not decide on the propriety of such inference at this time, I will deny Maaco's motion at this time, without prejudice to Maaco's asking for such an inference at the appropriate point.

### C. Failure and Delay in the Production of Documents

Maaco's motion further argues that the failure to timely produce requested documents, or to produce certain documents at all, requires the court to (1) prevent the Augustin defendants from presenting any documents at the preliminary injunction hearing, (2) prevent them presenting any evidence in support of their answer, affirmative defenses and counterclaims, and (3) dismiss the Augustin defendants' counterclaims in their entirety. Due to the preliminary injunction hearing's completion, the first request is moot. As discussed above, the third request is inappropriate.

As Maaco is alleging misconduct during discovery, Federal Rule of Civil Procedure 37(b) applies. Factors in determining whether exclusion of evidence is an appropriate sanction under Rule 37 include:

> (1) the prejudice or surprise in fact of the party against whom the [evidence is offered], (2) the ability of that party to cure the prejudice, (3) the extent to which [allowing late-offered evidence] would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the district court's order.

*Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977). As trial has not been scheduled, the first and third factors are not present. In addition, the Augustin defendants may be able to cure any prejudice at trial if they have then provided or will provide the requested documents. Lastly, there is evidence that the Augustins have acted with bad faith, but I do not find that sanctions are required at this time.

        D.      **False and Misleading Statements**

Finally, Maaco argues that the Augustin defendants should be sanctioned because their original answer and injunction brief contained misrepresentations of fact. It points to both Rule 11 and the court's inherent power. However Rule 11 does not by its terms apply.

    Sanctions for filing deficient pleadings are determined under Rule 11(c). Rule 11(b) states that:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--*an attorney or unrepresented party* certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . .

Fed. R. Civ. P. 11(b) (emphasis addded). Rule 11 "imposes a duty on counsel to make an inquiry into both the facts and the law which is 'reasonable under the circumstances.'" *Zuk v. E. Pa. Psychiatric Inst. of the Med. College of Pa.*, 103 F.3d 294, 299 (3d Cir. 1996). As Maaco is seeking sanction against the Augustin defendants, who are neither attorneys nor unrepresented parties, Rule 11 does not apply.

9

A federal court may impose sanctions directly against a party for bad faith conduct pursuant to the court's inherent power. *Landon v. Hunt*, 938 F.2d 450 (3d Cir. 1991) (citing *Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991)). In addressing the use of the courts inherent power to sanction a party, the Third Circuit has applied the factors of: "(1) the degree of fault of the party who altered or destroyed the evidence, (2) the degree of prejudice suffered by the opposing party, and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party, and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future." *Schmid*, 13 F.3d 76, at 79. As with the other litigation misconduct, the factors do not favor the requested sanctions at this time.

If done intentionally, as Sheik Hyatt declared, there is a high degree of fault. However, Maaco has not suffered prejudice as the Augustin defendants have amended its answer and Maaco partially prevailed in its request for a preliminary injunction. In addition, the ability of Maaco to impeach the defendants with their contradictory pleadings will deter and punish future attempts. Thus, I again find sanctions inappropriate at this time.

### III. Conclusion

For the foregoing reasons, Maaco's motion in limine to preclude evidence and for sanctions (docket no. 44) is denied. An appropriate order follows.